EASTERN DIST.
*April,* 1837.

STEWART *vs.* WESTERN MARINE AND FIRE INSURANCE CO.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

STEWART
*vs.*
WESTERN MAR.
& FIRE INS. CO.

Insurance on merchandize consisting of crates and casks of earthenware, *at* and *from* New-Orleans to Pittsburg; on their arrival at the port of destination, some were damaged; appraisers were appointed, who assumed as the standard value by which the damage was to be estimated, the *importation cost at New-Orleans,* and fixed the damage at fifty per cent.: *Held,* that this was the correct mode of ascertaining the amount for which the insurers were liable.

It is not necessary to sell the *sound* with the *damaged* goods to ascertain the loss. The sound goods may be valued by a broker, and the difference between them and the sales of the damaged ones, will be the amount of the loss.

Another rule for calculating the amount of partial loss, is the difference between the respective *gross* proceeds of the same goods when sound and when damaged, excluding the fluctuations of the market, port duties and other charges, at the port of destination.

This is an action on a policy of Insurance. The plaintiff caused insurance to be made on one hundred and seventy packages of earthenware, in the office of the defendants, at and from New-Orleans to Pittsburgh, with the privilege of re-shipping at the intermediate ports. The goods were shipped at New-Orleans, on board the steamer Powhattan, and on her arrival at Louisville, in December 1834, one hundred and twenty packages were re-shipped on board the steamer Return, for Pittsburg. While she lay at the wharf, the goods were very much damaged by the violence of the stream, the Ohio river being full of ice. The steam-boat was sunk, and the crates raised, and some of them repacked. On arriving at Pittsburgh, appraisers were appointed to estimate the loss occasioned by the damage done to the goods; they took the invoice price at New-Orleans, and added eight and one-third per cent. thereon, and adjusted the loss at *fifty per cent.* on the whole amount.

EASTERN DIST.
*April*, 1837.

STEWART
*vs.*
WESTERN MAR.
& FIRE INS. CO.

The plaintiff made up his account on this basis, including freight, a general average charge for the steam-boat Return, which was sunk and raised, with other charges, amounting in the aggregate to the sum of three thousand three hundred and seventy-seven dollars and ninety-seven cents. The insurers refused to allow it. The district judge made up his judgment as follows :

"This is an action on a policy of insurance effected on goods, valued at the sum insured, viz : seven thousand seven hundred dollars.

"The goods were one hundred and fifty-eight crates, and twenty-three casks of earthenware, from New-Orleans to Pittsburgh ; part of the goods arrived in safety, but a large portion of them were on board the steam-boat Return, which was sunk at Louisville in January, 1834, by floating ice in the river. The crates, &c., were got up again, part was forwarded in the condition in which it was got up, and part was repacked and forwarded.

"The point in the case is to settle the amount of damage on the portion of goods thus damaged.

"I am of opinion that the evidence makes out a damage of fifty per cent., and when we consider that these crates must have been in the hold of the steam-boat, and taken out from under water ; that the breakage and injury must have been very great, I do not think it surprising. The opinions of persons here, who did not see the property, as to the damaged property, has no weight with me ; nor do I see what better could be done than to estimate the damage. A sale at Pittsburgh of the damaged goods would not have been more favorable, as the auction sale of the damaged and undamaged goods, afterwards show. In relation to such an operation, Pittsburgh must be considered as a small town, not commercial. The goods were not insured at so much per crate, but as being of the value of seven thousand seven hundred dollars, *in globo*.

"Plaintiff should then show the invoice cost, to which may be added commission charges, &c.

The recovery will be as follows, viz :

| | | |
|---|---|---|
| General average,......................... | $370 51 | |
| Protest,............................... | 7 50 | |
| Damage of fifty per cent. on eleven hundred and eleven damaged crates, at the average cost per invoice, is ........................... | 2077 37 | |
| | $2455 38" | |

EASTERN DIST:.
*April,* 1837.

STEWART
*vs.*
WESTERN MAR.
& FIRE INS. CO.

Judgment being rendered for this sum, the defendants appealed.

*Worthington,* for the plaintiff.

*Maybin,* for the insurers.

1. The claim for freight amounting to nine hundred and fourteen dollars: and seventy-one cents, cannot be allowed. 1 *Phillips on Insurance,* 378. 2 *Ibid.,* 195.

2. The mode of calculating a particular loss on damaged goods was not adopted. *Stevens on Insurance,* 84, 85. *Hughes on Insurance,* 280.

3. The estimated damage of fifty per cent. is too great. Only seventy crates by the steam-boat Planter were examined at Pittsburgh, with the view of appraising the damage, and the evidence of the appraiser shows that their examination was very limited. The thirty-five crates by the Return were not examined at all. The examination of the witnesses in Louisville, was also imperfect.

4. The seventy crates by the Planter were shipped from Louisville to Pittsburg in the same damaged state, and were not repacked. The evidence of the defendants shows that the damage was thus increased. The thirty-five crates by the Return were opened and repacked.

5. The goods were all sold, damaged and not damaged, *en masse,* at auction, in Pittsburgh, and not till seven weeks after the damaged were examined.

*Bullard, J.,* delivered the opinion of the court.

This is an action upon a policy of insurance, in which the plaintiff claims for a partial loss. The merchandize covered by the policy, consisted of crates and casks of earthenware, some of which are shown to have been lost, and others greatly

Insurance on merchandize, consisting of *crates* and casks of earthenware, *at* and *from* New-Orleans to Pittsburg; on their

EASTERN DIST.
*April*, 1837.

STEWART
*vs.*
WESTERN MAR.
& FIRE INS. CO.
arrival at 'the
port of destina-
tion, some were
damaged; ap-
praisers were ap-
pointed, who as-
sumed as the
standard value
by which the
damage was to
be estimated, the
*importation cost
at New-Orleans,*
and fixed the da-
mage at fifty per
cent.: *Held,* that
this was the cor-
rect mode of as-
certaining the
amount for
which the insu-
rers were liable.
It is not ne-
cessary to sell
the *sound* with
the *damaged*
goods to ascer-
tain the loss; the
sound goods may
be valued by a
broker, and the
difference be-
tween them and
the sales of the
damaged ones,
will be the
amount of the
loss.
Another rule
of calculating
the amount of
partial loss, is
the difference
between the res-
pective *gross*
proceeds of the
same goods
when sound and
when damaged,
excluding the
fluctuations of
the market, port
duties and other
charges at the
port of destina-
tion.

damaged by the perils insured against. The court below having given judgment for fifty per cent. damages upon the invoice value of the goods, the defendants appealed.

The appellants contend that the mode of calculating a partial loss on damaged goods, was not adopted in this case. The record shows that on the arrival of the damaged wares at the place of destination, they were examined by appraisers, who estimated the deterioration at fifty per cent., and that they were afterwards sold at auction on a credit of six months. The appraisers assumed as the standard by which the damage was to be estimated, the importation cost at New-Orleans. The subsequent sale appears to have confirmed the correctness of their estimate. The authority on which the counsel for the appellant relies, from Hughes on Insurance, (280,) does not appear to us to establish a positive rule on this subject, which has been violated in this case to the prejudice of the underwriters. It was not necessary, certainly, to sell the sound part of the cargo, in order to establish the amount of damage, because the price of the article at the place of delivery is not the proper measure of indemnity. " It was held, says the author referred to, in case of a partial loss on tobacco, that though the sale of both the sound and damaged hogsheads might be the most certain means of ascertaining the difference, and calculating the amount of the loss, yet the valuing of the sound hogsheads by a regular broker, and the parties acting *bonâ fide,* was sufficient." The same author lays down the rule for calculating a partial loss to be, to estimate the difference between the respective gross proceeds of the same goods when sound and when damaged, and not the nett proceeds, because the liability of the underwriter is not to vary with the fluctuations of the market, or to be affected by port duties or other charges, after the arrival of the goods at the port of destination. *Hughes on Insurance, page* 371.

The other questions arising in this case are those of facts, which appear to us to have been correctly solved.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.